# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| JOSE CRESPO-LORENZO, <br><br> Petitioner, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Respondent. | Case No. 23-CV-507-JPS <br><br> **ORDER** |

On April 20, 2023, Petitioner Jose Crespo-Lorenzo ("Petitioner") filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. ECF No. 1. The motion arises from Petitioner's criminal proceedings before this Court in case number 21-CR-26-JPS,[1] in which Petitioner pled guilty to Count One of the Indictment (conspiracy to distribute cocaine while on board a vessel in violation of 46 U.S.C. §§ 70503(a)(1), 70506(a), (b); and 21 U.S.C. § 960(b)(1)(B)). CR ECF Nos. 25, 28.

On December 2, 2022, the Court sentenced Petitioner to a total term of imprisonment of 120 months, to be followed by four years of supervised release. CR ECF No. 37. On December 6, 2022, Petitioner's counsel at sentencing, Attorney Michael Levine ("Attorney Levine"), filed a letter with the Court stating that he "fully discussed with [Petitioner] his right to appeal his conviction and sentence" and that "[a]fter considering his right to appeal, [Petitioner] has asked me to inform the Court that he does not wish to appeal." CR ECF No. 39. The letter was signed by Petitioner. *Id.*

---

[1]Items on the docket in Case No. 21-CR-26-JPS are hereafter cited to as "CR."

Petitioner did not appeal his judgment and conviction, and instead filed the instant § 2255 motion, in which he contends that he "asked his counsel to file a notice of appeal and there to fore [sic] to pursue a direct appeal from the judgment of conviction, however, it appeal [sic] as though Counsel neglected to do so." ECF No. 1 at 2. The Court construes the motion as raising the following Grounds for relief: (1) that the Indictment was defective; (2) that the Government intentionally bypassed the Federal Rules of Criminal Procedure because the Indictment was defective; (3) that the Court lacked jurisdiction over Petitioner's criminal case; (4) that Petitioner's counsel was ineffective because he failed to object to improper application and calculation of the Sentencing Guidelines, and failed to investigate the defective Indictment; and (5) that Petitioner is actually innocent of his criminal charge of conviction. *Id.*

Typically, at this juncture, the Court would screen Petitioner's motion pursuant to Rule 4 of the Rules Governing Section 2255 Cases. However, this case requires a different approach. The Seventh Circuit squarely addressed a case such as this one in *Castellanos v. United States*, 26 F.3d 717 (7th Cir. 1994).

There, two defendant-petitioners each filed a § 2255 motion raising a variety of grounds for relief and explained their failure to file a direct appeal: for example, "he says[] he told his lawyer to appeal, but the lawyer refused." *Id.* at 718. The district courts denied the motions, reasoning that the claims had been forfeited by failure to appeal. *Id.* While counsel's failure to file a notice of appeal when asked to do so may establish "cause" for the default, the Seventh Circuit held that the district courts erred by analyzing "prejudice" from the default because "[o]ne obvious difficulty with this application of the 'prejudice' component is that the defendant never

receive[d] the benefit of a lawyer's services in constructing potential appellate arguments." *Id.*

The Seventh Circuit instructed that, in these situations, the district court must "determine whether [the defendant-petitioner] timely told [his] lawyer[] that [he] wanted appellate review." *Id.* at 720. "If the answer is yes, then the court should enter an order providing the appropriate relief for the ineffective assistance: the defendant receives the right to an appellate proceeding, as if on direct appeal, with the assistance of counsel." *Id.* If the answer is no, then, in this case, all Grounds—with the exception of the fourth Ground, because ineffective assistance of counsel may be raised in a § 2255 motion without a direct appeal—will be procedurally defaulted and denied. *See United States v. Medina*, No. 04 C 7015, 2006 WL 681061, at *4 (N.D. Ill. Mar. 9, 2006); *see also Vinyard v. United States*, 804 F.3d 1218, 1227 (7th Cir. 2015).

The Seventh Circuit elaborated on *Castellanos* in *Kafo v. United States*, 467 F.3d 1063 (7th Cir. 2006). In order for the district court to "undertake the task of evaluating the allegations and determining whether relief is warranted" on the issues of whether a petitioner told his counsel to file a notice of appeal and whether counsel ignored that request, the petitioner must present the information in a verified pleading or in an affidavit signed under penalty of perjury. *Id.* at 1069–71; *see also Reed v. United States*, No. 08-CV-106, 2010 WL 4684009, at *3–4 (S.D. Ill. Nov. 10, 2010). The information must further be presented in a form that is not "vague and conclusory"; in other words, it must provide when, where, and in what form the request(s) to counsel was made. *United States v. Custer*, No. 1:15-CR-33-HAB, 2020 WL 564161, at *3 (N.D. Ind. Feb. 5, 2020). Affidavits from others who know the petitioner and his relationship with his counsel may also be probative in

this context. *See Burton v. United States*, No. 06-CV-557-JPS, 2008 WL 2074055, at *3 (E.D. Wis. May 14, 2008).

Currently, Petitioner has neither pleaded or sworn to these allegations under penalty of perjury, nor has he provided the requisite level of detail. In this case, the Court will also require—in the same form—evidence sufficient to overcome Petitioner's signed letter waiving his direct appeal. CR ECF No. 39.

Accordingly, the Court will grant Petitioner until **June 12, 2023** to submit an amended motion, with affidavit or other evidence sufficient to support his grave assertion regarding his counsel's failure to file a direct appeal despite Petitioner's request to do so, and, **most importantly**, despite Petitioner's signed letter indicating that he spoke with his counsel about an appeal and decided not to appeal.

If the amended motion presents sufficient facts and is submitted under penalty of perjury, the Court will direct Attorney Levine and/or the Government to respond prior to holding an evidentiary hearing. *Hunt v. United States*, No. 2:06-CR-0071, 2009 WL 3321362, at *2 (S.D. Ohio Oct. 9, 2009); *see also Custer*, 2020 WL 564161, at *3; *Medina*, 2006 WL 681061, at *4; *Burton*, 2008 WL 2074055, at *3 ("[T]he district court is not required to grant an evidentiary hearing on a prisoner's claims where 'the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" (quoting 28 U.S.C. § 2255(b)).

Accordingly,

**IT IS ORDERED** that Petitioner file an amended motion under 28 U.S.C. § 2255 to address the deficiencies raised in this Order on or before **June 12, 2023**.

Dated at Milwaukee, Wisconsin, this 12th day of May, 2023.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge