# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| JOSE CRESPO-LORENZO,<br><br>         Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>         Respondent. | Case No. 23-CV-507-JPS<br><br><br>**ORDER** |

## 1.  INTRODUCTION AND PROCEDURAL HISTORY

On April 20, 2023, Petitioner Jose Crespo-Lorenzo ("Petitioner"), a federal prisoner, filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, asserting that his conviction and sentence in *United States v. Crespo-Lorenzo*, 21-CR-26-JPS (E.D. Wis.)[1] were imposed in violation of the Constitution. ECF No. 1. The Court construed the motion as raising the following grounds for relief: (1) the Indictment was defective; (2) the Government intentionally bypassed the Federal Rules of Criminal Procedure because the Indictment was defective; (3) the Court lacked jurisdiction over Petitioner's criminal case; (4) Petitioner's counsel was ineffective because he failed to object to improper application and calculation of the Sentencing Guidelines, and he also failed to investigate the defective Indictment; and (5) Petitioner is actually innocent of his criminal charge of conviction. ECF No. 2 at 2 (citing ECF No. 1 at 2). In the motion, Petitioner also argued that he had "asked his counsel to file a notice

---

[1]Citations to filings in Petitioner's underlying criminal case will be denoted CR-ECF.

of appeal and there to fore [sic] to pursue a direct appeal from the judgment of conviction, however, it appeal [sic] as though Counsel neglected to do so." *Id.* (quoting ECF No. 1 at 2).

On May 12, 2023, the Court directed Petitioner to amend his motion as to his claim that his counsel at sentencing, Attorney Michael Levine ("Attorney Levine"), failed to file a direct appeal on his behalf despite his instruction to do so. ECF No. 2. The Court explained that the allegation was not sufficiently detailed, nor was it submitted under penalty of perjury, as required by Seventh Circuit authority. *Id.* at 3–4 (citing *Kafo v. United States*, 467 F.3d 1063 (7th Cir. 2006)).

On June 9, 2023, Petitioner moved to amend his § 2255 motion to correct these deficiencies. ECF No. 3. The Court granted the motion to amend and instructed the Clerk of Court to docket the operative amended § 2255 motion. ECF No. 4 at 2. Because the amended § 2255 motion sufficiently pleaded Petitioner's claim that Attorney Levine failed to file a direct appeal on his behalf, the Court also instructed Attorney Levine to respond to these allegations. *Id.* at 5. The Court needed to resolve this threshold issue before assessing Petitioner's other grounds for relief because, if it determined that Petitioner "timely told [Attorney Levine] he wanted appellate review, but [Attorney Levine] nonetheless did not pursue review," then Petitioner would "receive[] the right to a direct appeal." *Id.* at 4 (citing *Castellanos v. United States*, 26 F.3d 717 (7th Cir. 1994)). This is true even for claims of ineffective assistance of counsel, which may be reviewed collaterally in a § 2255 proceeding even without a direct appeal, because a petitioner should nonetheless receive "an opportunity to raise the issues after the disposition of [the] appeal," if that untimely appellate right is afforded. *Id.* (quoting *United States v. Barger*, 178 F.3d 844, 848 (7th Cir.

1999)); *see also Vinyard v. United States*, 804 F.3d 1218, 1227 (7th Cir. 2015) ("[I]neffective-assistance claims need not be presented on direct appeal to preserve them for collateral attack under § 2255 . . . .") (citing *Massaro v. United States*, 538 U.S. 500, 504 (2003)).

Following review of Attorney Levine's response, ECF No. 6, the Court denied Petitioner's claim that Petitioner instructed Attorney Levine to file a direct appeal and that Attorney Levine failed to do so. ECF No. 7 at 4. The Court was able to make this determination with only the amended § 2255 motion and Attorney Levine's response. *Id.* (citing *United States v. Custer*, No. 1:15-CR-33-HAB, 2020 WL 564161, at *4 (N.D. Ind. Feb. 5, 2020) (finding the petitioner's "filings wholly insufficient to warrant a hearing"); *Burton v. United States*, No. 06-CV-557, 2008 WL 2074055, at *3 (E.D. Wis. May 14, 2008) (same)). This was so because, four days after he was sentenced, Petitioner signed a document stating that he had "fully discussed . . . his right to appeal" with Attorney Levine but had elected not to appeal, and the record before the Court indicated (and indicates) that Petitioner understands English and is a sophisticated businessman. *Id.* at 1, 3–4 (citing CR-ECF Nos. 29, 35); *see also* CR-ECF No. 39 (Petitioner's signature on a document stating that "he d[id] not wish to appeal").

Because the Court determined that Petitioner did not tell Attorney Levine that he wanted to appeal, the Court turned to Petitioner's remaining grounds for relief, as set forth in the amended § 2255 motion. ECF No. 7 at 5. In the amended § 2255 motion, perhaps to avoid a procedural default

issue due to the lack of direct appeal,[2] Petitioner rephrased all his original grounds for relief as claims for ineffective assistance of counsel. *Compare* ECF No. 1, *with* ECF No. 5; *see also Vinyard*, 804 F.3d at 1227. The Court endeavored to categorize the grounds as raised in the amended § 2255 motion, which lacks organization, with reference to the original § 2255 motion, which is well organized. ECF No. 7 at 5 (citing ECF No. 5).[3]

The Court accordingly set a briefing schedule on Petitioner's remaining grounds for relief,[4] which it construed as: (1) Attorney Levine was ineffective by failing to investigate the Indictment; (2) Attorney Levine was ineffective by failing to check the Court docket sheet; (3) Attorney Levine was ineffective by ignoring the Federal Rules of Criminal Procedure, which deprived the Court of its jurisdiction to impose a sentence on Petitioner; (4) Attorney Levine was ineffective by conspiring with the Government to ignore the defective Indictment and docket sheet; and (5) Attorney Levine was ineffective by failing to raise arguments or objections. *Id.* (citing ECF No. 5).

---

[2] If the grounds were *not* recast as ineffective assistance of counsel claims, they would be procedurally defaulted because Petitioner did not file a direct appeal, and the time to do so has passed. *See Torzala v. United States*, 545 F.3d 517, 522 (7th Cir. 2008).

[3] As the Court previously explained, "Petitioner labels the ground set forth in his amended motion 'Ground Six.' . . . Petitioner previously raised five grounds for relief . . . The new 'Ground Six' encompasses the former five grounds for relief and recasts them as separate grounds of ineffective assistance of counsel." ECF No. 4 at 2 (citing ECF No. 3 at 2 and ECF No. 2 at 2).

[4] *See United States v. Reeves*, No. 14-CV-1588, 2022 WL 1085198, at *4 (N.D. Ill. Apr. 11, 2022) ("Like an amended complaint, an amended § 2255 motion supplants the original, leaving only the grounds asserted in the amended motion pending.") (citing *Vitrano v. United States*, 643 F.3d 229, 234 (7th Cir. 2011)).

Three days later, Petitioner appealed the Court's order directing the Clerk of Court to docket his amended § 2255 motion as the operative motion, contending that the order "denied" his motion. ECF No. 8. The Seventh Circuit dismissed the appeal for lack of jurisdiction. ECF No. 14 at 1 ("That order . . . merely directed the filing of petitioner-appellant's amended § 2255 motion and ordered attorney Michael Levine to respond to the § 2255 motion–a case management order . . . . There is no basis to appeal at this time.") (citation omitted).

In the interim, Attorney Levine filed a response, and Respondent filed an answer to the motion pursuant to the briefing schedule. ECF Nos. 12, 13. When Petitioner did not file his brief in support of his amended § 2255 motion, the Court entered a revised briefing schedule with the hope of getting the case back on track. ECF No. 15; *id.* at 1–2 (also explaining the atypicality of Respondent's answer). Petitioner thereafter timely filed his supporting brief on January 2, 2024. ECF No. 16. In his brief, Petitioner asserts that his failure to file a brief under the original briefing schedule was because he had not received Respondent's answer in the mail. *Id.* at 1.

In accordance with the revised briefing schedule, Respondent then filed its opposition brief on February 1, 2024. ECF No. 17. Respondent explains that it contacted the Bureau of Prisons (the "BOP") to determine whether Petitioner had received the answer. *Id.* at 3. The BOP explained to Respondent that the postal service tracker indicated arrival of the answer at the "main post office" in Jesup, Georgia, however FCI Jesup—where Petitioner is incarcerated—did not receive the answer. *Id.* Respondent asked the BOP how to ensure that Petitioner would receive the opposition brief such that this issue would not happen again. *Id.* The BOP suggested that the brief be sent by certified mail with return receipt, as well as emailed

to the BOP's General Counsel's Office for the Southeast Region, which would forward the brief to Petitioner's unit team to print and give to Petitioner. *Id.* The BOP informed Respondent that, at a minimum, certified mail with return receipt has proven "to be an effective remedy to" the ongoing issue of undelivered mail at FCI Jesup. *Id.* Respondent served the brief on Petitioner through both mechanisms. *Id.* at 5.

Petitioner has not timely filed a reply brief. ECF No. 15 (setting a reply brief deadline of fifteen days after the Government filed its opposition brief). The Court has not received any further filings from Petitioner. Accordingly, the Court considers the amended motion ripe for review. For the reasons set forth below, the amended motion will be denied and this action dismissed with prejudice.

## 2. FACTUAL BACKGROUND

On January 26, 2021, the grand jury returned an Indictment charging Petitioner with two counts: (1) conspiracy to possess with intent to distribute five kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States in violation of 46 U.S.C. §§ 70503(a)(1), 70506(a), 70506(b), and 21 U.S.C. § 960(b)(1)(B); and (2) conspiracy to possess with intent to distribute five kilograms or more of cocaine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846. CR-ECF No. 1. The Indictment is a "true bill" and is signed by the foreperson of the grand jury pursuant to Federal Rule of Criminal Procedure 6(c). *Id.* at 3. On May 3, 2022, Petitioner pled guilty to Count One of the Indictment at a change of plea hearing before Magistrate Judge Stephen C. Dries. CR-ECF Nos. 25, 26. During the plea colloquy, Petitioner admitted under oath to the facts set forth in his plea agreement as "true and correct" and

Page 6 of 15
Case 2:23-cv-00507-JPS    Filed 03/20/24    Page 6 of 15    Document 18

acknowledged that those facts "establish his guilt beyond a reasonable doubt." CR-ECF No. 25 at 3; CR-ECF No. 26.

Specifically, Petitioner admitted that beginning in October 2019 and through the date of the Indictment, he communicated with an individual in Puerto Rico[5] to coordinate a multi-kilogram shipment of cocaine from the Dominican Republic to Puerto Rico. CR-ECF No. 25 at 3. Individuals in Puerto Rico would then send the cocaine to various locations in the continental United States, including Milwaukee, Wisconsin. *Id.* Petitioner and his Dominican-based associates planned to release a cocaine-laden vessel near Miches, Dominican Republic, which would meet a crew sent from Petitioner's contact in Puerto Rico at agreed coordinates that corresponded to a location "within the 'customs waters' of the United States." *Id.* The crew would then utilize a password and exchange an at-sea transfer of the cocaine. *Id.* Petitioner and his Puerto Rican contact had to cancel and reschedule the maritime cocaine shipment several times due to heightened law enforcement activity in the waters between the Dominican Republic and Puerto Rico. *Id.* at 4. On November 16, 2019, Petitioner released a cocaine-laden vessel under the agreed-upon plan, but the shipment was thwarted when the "Coast Guard surrounded [the vessel]." *Id.* As of December 11, 2019, Petitioner was still corresponding with his Puerto Rican contact to schedule the shipment. *Id.*

On May 3, 2022, Magistrate Judge Dries issued a report and recommendation, inter alia, that the Court accept Petitioner's guilty plea and that Petitioner be adjudicated guilty and have a sentence imposed

---

[5]That individual was David Quinones-Quinones, who was indicted, convicted, and sentenced in *United States v. Quinones-Quinones*, No. 20-CR-30-1-JPS (E.D. Wis.).

accordingly. CR-ECF No. 27. The Court adopted the report and recommendation and accepted Petitioner's guilty plea on May 20, 2022. CR-ECF No. 28. On December 2, 2022, the Court sentenced Petitioner to a total term of imprisonment of 120 months, to be followed by four years of supervised release. CR-ECF No. 37. After Petitioner did not appeal, *see supra* Section 1, the instant § 2255 action followed.

3. **LEGAL STANDARD**

> A person serving a sentence imposed by a federal court who is
>
> claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). "Relief under § 2255 is available 'only in extraordinary situations, such as an error of constitutional or jurisdictional magnitude or where a fundamental defect has occurred which results in a complete miscarriage of justice.'" *United States v. Coleman*, 763 F.3d 706, 708 (7th Cir. 2014) (quoting *Blake v. United States*, 723 F.3d 870, 878–79 (7th Cir. 2013)).

4. **ANALYSIS**

As noted, Petitioner advances five remaining grounds for relief: (1) Attorney Levine was ineffective by failing to investigate the Indictment; (2) Attorney Levine was ineffective by failing to check the Court docket sheet; (3) Attorney Levine was ineffective by ignoring the Federal Rules of Criminal Procedure, which deprived the Court of its jurisdiction to impose a sentence on Petitioner; (4) Attorney Levine was ineffective by conspiring with the Government to ignore the defective Indictment and docket sheet;

and (5) Attorney Levine was ineffective by failing to raise arguments or objections. ECF No. 5; ECF No. 7 at 5.

All five grounds for relief are based on Petitioner's underlying contention that he "was prosecuted with a defect[ive] [I]ndictment" in violation of the Fifth Amendment. ECF No. 5 at 2. Specifically, Petitioner asserts that the Indictment violates Federal Rules of Criminal Procedure 6(c) and (f) because the grand jury foreperson did not sign the Indictment and the number of jurors who concurred in the Indictment is not recorded or filed with the Clerk of Court. *Id.*

In ground one, Petitioner claims that Attorney Levine failed to investigate his case because the Government "convened a grand jury without a complaint or quorum existing on the Court docket sheet for a record of facts so the Clerk of Court[] can file it[] on the court docket sheet, to show that 12 or more Grand Jurors concurred to indict[]" Petitioner. *Id.* at 3 (citing Fed. R. Crim P. 6(c), (f)). In ground two, Petitioner alleges that Attorney Levine was ineffective because "[t]here is no proof on the Court docket sheet that shows a grand jury voted to indict[]" Petitioner. *Id.* at 2. In ground three, Petitioner asserts that Attorney Levine did not investigate the Federal Rules of Criminal Procedure, presumably Rules 6(c) and (f), which left the Court without jurisdiction to impose a sentence. *Id.* at 2–3; ECF No. 16 at 2 (arguing that Attorney Levine failed to argue the Government's "bypass [of] the Fed.R.Crim.P" "in reference to the defect[ive] indictment"). In ground four, Petitioner argues that Attorney Levine conspired with the Government to ignore the violations of Rules 6(c) and (f). ECF No. 5 at 3; ECF No. 16 at 2. In ground five, Petitioner contends that Attorney Levine was ineffective by failing to object to the defective docket sheet and Indictment. ECF No. 5 at 4; ECF No. 16 at 2. In his response

to the motion, Attorney Levine denies having provided ineffective assistance of counsel in any manner. ECF No. 12.

Courts apply the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984), to evaluate the effectiveness of counsel. *See Makiel v. Butler*, 782 F.3d 882, 897 (7th Cir. 2015). First, the movant must show that his counsel's performance was deficient because it "fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 687–88. Second, he must show that the deficient performance prejudiced his defense, which means that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

Under the first *Strickland* prong, Attorney Levine's performance was not deficient because there was nothing improper about the handing down of the Indictment. First, contrary to Petitioner's protests, the Indictment is signed by the grand jury foreperson. CR-ECF No. 1 at 3. "While the foreperson's name is redacted on the Indictment, this is a routine security measure taken to eliminate the risks inherent in publicly posting court documents." *Musgraves v. United States*, No. 15-CV-347-NJR, 2018 WL 1366616, at *4 (S.D. Ill. Mar. 16, 2018). The unredacted copy of the Indictment is sealed on the docket. CR-ECF No. 1-2. Here, "[t]he Court has viewed the unredacted version and notes that it is in fact signed by the foreperson." *Musgraves*, 2018 WL 1366616, at *4; CR-ECF No. 1-2 at 3; *see also Karst v. United States*, No. 1:11-CR-49-TLS, 2015 WL 400627, at *3 (N.D. Ind. Jan. 28, 2015) (same, and noting that "[b]ecause of the sensitive nature of federal grand jury proceedings, the foreperson's signature is redacted from the public docket to protect the foreperson's identity").

Second, under Rule 6(c), the foreperson shall "record the number of jurors concurring in every indictment and will file the record with the clerk,

but the record *may not be made public unless the court orders*." Fed. R. Crim P. 6(c) (emphasis added). Thus, "[n]o requirement exists for public docketing of the Foreperson's record of the number of jurors." *Karst*, 2015 WL 400627, at *4. Under Rule 6(f), "[a] grand jury may indict only if at least 12 jurors concur." Fed. R. Crim P. 6(f). If all twelve jurors do not concur, "the foreperson must promptly and in writing report the lack of concurrence to the magistrate judge." *Id.* In this case, "no such writing exists to show that this lack of concurrence existed," and, accordingly, the Indictment was returned to a magistrate judge in court. *Musgraves*, 2018 WL 1366616, at *4; ECF No. 13 at 2 (citing Fed. R. Crim P. 6(f)). This aligns with "the presumption of regularity" associated with the handing down of Indictments, particularly when challenged, as here, without a "scintilla of factual support." *Cueto v. Stepp*, No. 3:02-CV-00777-JDT, 2005 WL 3448030, at *17 (S.D. Ill. Dec. 15, 2005). The Court has not ordered, and finds no basis to order, that the record be made available on the public docket.

Moreover, because Rules 6(c) and (f) were not violated, there is no justification for Petitioner's assertion that the Government and Attorney Levine conspired to violate them. *See, e.g.*, *Kelley v. Myler*, 149 F.3d 641, 649 (7th Cir. 1998) ("A party may not [simply] cry 'conspiracy' . . . [when the party] presented no evidence showing that" a conspiracy existed) (citing *Gramenos v. Jewel Co., Inc.*, 797 F.2d 432, 436 (7th Cir. 1986) and *McAfee v. 5th Cir. Judges*, 884 F.2d 221, 222 5th Cir.), *cert. denied*, 493 U.S. 1083 (1989)). Simply put, because the handing down of the Indictment complied with the law, there was no Fifth Amendment issue for Attorney Levine to challenge. *See United States v. Lee*, Nos. 99 CV 6747, 94CR187-11, 1999 WL 1144928, at *4 (N.D. Ill. Dec. 8, 1999); *cf. Johnson v. United States*, 805 F.2d 1284, 1287 (7th Cir. 1986 (§ 2255 relief may lie for violations of the Federal Rules of Criminal

Procedure where "the circumstances of [the] violation" are such that the defendant's constitutional rights have been violated).

Third, and finally, not only was the Indictment not defective, but even if it were, the Court would not have been deprived of jurisdiction to adjudicate Petitioner's criminal case. "The United States Supreme Court has specifically held that 'defects in an indictment do not deprive a court of its power to adjudicate a case.'" *Karst*, 2015 WL 400627, at *3 (quoting *United States v. Cotton*, 535 U.S. 625, 630 (2002)).[6]

To avoid any doubt, the Court had—and has—jurisdiction over Petitioner's criminal case. The Maritime Drug Law Enforcement Act ("MDLEA") prohibits knowingly or intentionally manufacturing or distributing, or possessing with intent to manufacture or distribute, a controlled substance "[w]hile on board a covered vessel." 46 U.S.C. § 70503(a)(1). A "covered vessel" is defined, as pertinent here, as "a vessel of the United States or a vessel subject to the jurisdiction of the United States." 46 U.S.C. § 70503(e)(1). A vessel is subject to the jurisdiction of the United States if it is "in the customs waters of the United States." 46 U.S.C. § 70502(c)(1)(D).

Under § 70506(b), "[a] person attempting or conspiring to violate section 70503 . . . is subject to the same penalties as provided for violating section 70503." Section 70506(b) "requires only that the *object* of the

---

[6] Accordingly, Petitioner's instant arguments are more than likely waived. "By pleading guilty[,] [the defendant] waived all nonjurisdictional issues arising before the plea . . . . Defects in an indictment, including failures to comply with Rules 6(c) and 7(c)(1), are not jurisdictional." *United States v. Aguirre*, 697 F. App'x 870, 871 (7th Cir. 2017) (collecting cases); *see also Vaughn v. United States*, No. 12-3326, 2014 WL 3557911, at *3 (C.D. Ill. July 18, 2014) (same as to § 2255 proceedings).

conspiracy *encapsulate* conduct that violates one of the specified narcotics trafficking prohibitions on a covered vessel" and "[p]ersons who knowingly and intentionally join in such a conspiracy need not themselves be on board the covered vessel to be guilty under Section 70506." *United States v. Alarcon Sanchez*, 972 F.3d 156, 165 (2d Cir. 2020) (emphases added). The object of the conspiracy here was an at-sea cocaine transfer in United States customs waters. Although Petitioner may have been on land at the time, the acts of on-board co-conspirators are "attributable to the land-based co-conspirator." *Id.* The Indictment thus properly charged violations of the MDLEA, and the Court had—and has—jurisdiction over the case. *United States v. Bjorkman*, 270 F.3d 482, 490 (7th Cir. 2001) ("[D]istrict judges *always* have subject-matter jurisdiction based on any indictment purporting to charge a violation of federal criminal law.") (citing *Hugi v. United States*, 164 F.3d 378, 380 (7th Cir. 1999)); *see also* 46 U.S.C. § 70504(b)(2) ("A person violating section 70503 . . . if the offense was begun or committed upon the high seas, or elsewhere outside the jurisdiction of any particular State or district, may be tried in any district").

For all these reasons, any action by Attorney Levine to investigate or challenge the Indictment on the bases argued by Petitioner would have been meritless. "The 'Sixth Amendment does not require counsel . . . to press meritless arguments before a court,' . . . and it is always good strategy to avoid wasting time or the court's attention with claims that are going nowhere." *Peterson v. Douma*, 751 F.3d 524, 533 (7th Cir. 2014) (quoting *Lilly v. Gilmore*, 988 F.2d 783, 786 (7th Cir. 1993)). The Court need not analyze the prejudice prong of *Strickland* because Attorney Levine's performance was not deficient. *Shannon v. United States*, 39 F.4th 868, 877 (7th Cir. 2022) ("The court need not 'address both components of the inquiry if the defendant

makes an insufficient showing on one.'") (quoting *Strickland*, 466 U.S. at 697). Accordingly, Petitioner's amended § 2255 motion is denied in its entirety.

**5.      CONCLUSION**

For the reasons stated above, the Court finds each of Petitioner's claims to be without merit, and his amended motion to vacate his sentence must be denied.

Under Rule 11(a) of the Rules Governing Section 2255 Cases, "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." To obtain a certificate of appealability under 28 U.S.C. § 2253(c)(2), Petitioner must make a "substantial showing of the denial of a constitutional right" by establishing that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). In light of the well-settled principles governing the disposition of Petitioner's claims, as outlined above, the Court cannot fairly conclude that reasonable jurists would debate whether his motion should be decided differently; as a consequence, the Court must deny a certificate of appealability to him.

Accordingly,

**IT IS ORDERED** that Petitioner's amended motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, ECF No. 5, be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED with prejudice**; and

**IT IS FURTHER ORDERED** that a certificate of appealability be and the same is hereby **DENIED**.

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 20th day of March, 2024.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge

This Order and the judgment to follow are final. A dissatisfied party may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **thirty (30)** days of the entry of judgment. See Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). Moreover, under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **twenty-eight (28)** days of the entry of judgment. The Court cannot extend this deadline. *See* Fed. R. Civ. P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The Court cannot extend this deadline. *See id.* A party is expected to closely review all applicable rules and determine what, if any, further action is appropriate in a case.